**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANGEL PEREZ,

        Petitioner - Appellant,

v.

LAWRENCE TAFOYA, Warden,
Southern NM Correctional Facility;
ATTORNEY GENERAL STATE OF
NEW MEXICO,

        Respondents - Appellees.

No. 02-2061
(D.C. No. CIV-01-808-MV)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Angel Perez, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. Because we conclude he has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

## I.

In July 1999, Perez was convicted in state court of trafficking in cocaine, and was sentenced to a ten-year term of imprisonment. His conviction and sentence were affirmed on direct appeal by the New Mexico Court of Appeals (NMCA), and review by the New Mexico Supreme Court was denied. State v. Perez, 9 P.3d 68 (N.M. 2000).

Perez's federal habeas petition asserted the same issues raised by appellate counsel in his direct appeal.[1] The district court adopted the magistrate court's findings and recommendation and dismissed the petition with prejudice.

## II.

*Denial of right to speedy trial*

Perez contends his right to a speedy trial was violated because his criminal trial did not occur until approximately thirteen months after his arrest. He further argues he was prejudiced by the delay because his mother, who he alleges would have been his sole alibi

---

[1] Six issues were asserted by Perez' counsel pursuant to State v. Franklin, 428 P.2d 982, 984 (N.M. 1967), which is New Mexico's equivalent of Anders v. California, 386 U.S. 738 (1967).

witness, died prior to trial.

In rejecting Perez' claim, the NMCA applied the proper four-part balancing test, see Barker v. Wingo, 407 U.S. 514, 530 (1972), and concluded Perez "was responsible for a portion of the delay," "that a significant portion of the delay c[ould not] be charged to either party," and Perez' "assertion of his right and the degree of prejudice he suffered d[id] not outweigh the relatively short period of delay for which the State [wa]s responsible. NMCA Op. at 5.

We agree with the district court that Perez has failed to demonstrate that the factual findings by the NMCA were unreasonable in light of the evidence presented, see 28 U.S.C. § 2254(d)(2) and (e)(1), or that the court's ultimate conclusion "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. (d)(1).

*Denial of interlocutory appeal and access to transcripts*

Perez contends the state trial court "should have allowed him to immediately appeal its refusal to dismiss the charge on speedy trial grounds, and should have allowed him access to the transcripts [of the relevant hearings] so that he could effectively pursue his appeal." ROA, Doc. 1 at 7. The NMCA rejected these contentions, noting a criminal defendant "may not generally appeal from non-final orders," and finding there was no merit to the speedy trial claim. NMCA Op. at 5. To the extent these contentions actually

implicate constitutional concerns, we conclude the NMCA's resolution was reasonable. See 28 U.S.C. § 2254(d)(1).

*Denial of request for new counsel*

Perez contends the state trial court erred in denying his request for appointment of new counsel. According to Perez, he did not have confidence in any of his court-appointed counsel. The state trial court denied his request on the grounds that his complaints were either conclusory or unfounded. On direct appeal, the NMCA found no abuse of discretion on the part of the state trial court in denying the request. After reviewing the record, it is apparent that Perez has failed to establish a right to federal habeas relief on the basis of this claim. See 28 U.S.C. § 2254(d)(1); Hale v. Gibson, 227 F.3d 1298, 1313 (10th Cir. 2000) (finding no evidence of breakdown in communication to give rise to a presumption of ineffectiveness on the part of counsel).

*Denial of request for change of venue*

Perez contends the state trial court erred in denying his request for change of venue. He asserts that pretrial publicity about his case "defamed" him and made it impossible for him to receive a fair trial in the county where he was charged. The NMCA rejected this identical claim on direct appeal, noting "[t]he record of jury proceedings reflects that few potential jurors knew [Perez] personally or by reputation, that no

challenged potential juror was selected to hear the case, and that comments by prospective jurors who did know [Perez] were restrained to avoid prejudicing him in the eyes of other prospective jurors." NMCA Prop. Disp. at 8-9.

> [A] habeas petitioner attempting to show a due process violation because of a state trial judge's failure to grant a change of venue motion must demonstrate either that the trial resulted in actual prejudice or that it gave rise to a presumption of prejudice because it involved such a probability that prejudice w[ould] result that it is deemed inherently lacking in due process.

Hale, 227 F.3d at 1332 (internal quotations omitted). Here, Perez has failed to specifically describe the alleged pretrial publicity, let alone point to any evidence in the record that would remotely establish that the alleged publicity resulted in actual or presumed prejudice on the part of the prospective jurors. Moreover, he makes no assertion that any impaneled juror was unable to render a verdict based on the evidence presented in court.

*Trial judge's failure to recuse*

Perez contends the state trial judge was biased against him. He argues the trial judge ruled against him on several issues and was unsympathetic when he complained prior to trial about the need to visit an eye doctor and have his eyeglasses repaired. In rejecting this identical claim on direct appeal, the NMCA noted:

> Defendant relies on the judge's comment from the bench that Defendant's visit to the eye doctor, which the judge had just approved, was probably unnecessary, as well as on a lengthy list of decisions made by the judge

contrary to the positions advocated by Defendant. As we are affirming those decisions, and as the court did order that Defendant be taken to the eye doctor, we review the judge's personal opinion that the visit to the eye doctor was probably unnecessary as having no influence on the decision made by the court.

NMCA Op. at 6.

We conclude that the NMCA's resolution of this issue is beyond debate. It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The fact that the state trial judge ruled against Perez on several issues does not warrant recusal. "[O]pinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [criminal] proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Here, the trial judge's comments about the necessity of Perez visiting an eye doctor were obviously based upon facts introduced in the criminal proceedings (in particular, the trial judge's personal examination of Perez' glasses). They do not reflect favoritism or antagonism on the part of the trial judge that would have made a fair trial impossible.

*Refusal to release Perez*

Perez contends the trial court erred in denying his motion for release to attend witness interviews conducted by his trial counsel. According to Perez, he did not trust his

counsel and needed to personally talk with potential witnesses to determine what they remembered about the alleged crime. Because the Supreme Court has not recognized a constitutional right on the part of a represented criminal defendant to personally interview potential defense witnesses, we conclude this argument cannot provide a valid basis for federal habeas relief. See generally 28 U.S.C. § 2254(d)(1) (indicating that application for federal habeas relief must rely on "clearly established Federal law, as determined by the Supreme Court of the United States").

*Amendment of supplemental criminal information*

Perez contends the trial court violated his constitutional rights when it allowed the prosecution to amend by interlineation the supplemental criminal information at the time of sentencing. The supplemental information alleged that Perez was a habitual offender, describing three prior felony convictions, and should be sentenced accordingly under New Mexico law. The supplemental information cited N.M. Stat. Ann. § 31-18-17(B), which authorized an enhanced sentence of one year for persons with one prior felony conviction. Because the statutory reference was incorrect, the prosecution was granted leave to amend by interlineation to allege Perez was a habitual offender under N.M. Stat. Ann. § 31-18-17(D), which authorized an enhanced sentence of eight years' imprisonment for persons with three or more prior felony convictions.

In rejecting this issue, the NMCA noted that the amendment "went to the proper

sentence and not to the charges on which [Perez] was tried." NMCA Prop. Disp. at 10.
Further, the NMCA noted "the result would have been the same had the [trial] court
required a written amendment and reset the sentencing hearing." Id. at 10-11. The
NMCA concluded Perez was not prejudiced by the oral amendment.

We are unable to discern a basis for federal habeas relief arising out of this claim.
The record on appeal, in particular the trial court's judgment and commitment order,
indicates that Perez admitted the three prior felony convictions listed in the supplemental
information. It is unclear how the amendment to the supplemental information, which
simply corrected the statutory reference by interlineation, impinged on Perez'
constitutional rights.

*Ineffective assistance of counsel*

Perez contends he was denied effective assistance of trial counsel. In particular, he
argues his second appointed counsel contributed to the delay of the trial and to the loss of
alibi testimony from Perez' mother by filing a waiver of preliminary hearing without
Perez' authorization. In rejecting this claim, the NMCA concluded that Perez had failed
to establish "who was at fault, if anyone, for the failure of communication between
[Perez] and his counsel." NMCA Op. at 7. After reviewing the record on appeal, we do
not believe "that reasonable jurists would find the [NMCA's] assessment of [this]
constitutional claim[] debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484

-8-

(2000).

We DENY the request for a COA and DISMISS the appeal.  The mandate shall issue forthwith.

<div style="margin-left:45%">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>