**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.                                                                                    **NO.  29,351**

**ROLAND VALENZUELA,**

　　Defendant-Appellant,


**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant


**MEMORANDUM OPINION**

**VIGIL, Judge.**

　　Defendant appeals his conviction and sentence for first degree child abuse, contrary to NMSA 1978, § 30-6-1(A), (D) and (E) (2005).  [DS 1]  On appeal,

Defendant

contends (1) there was insufficient evidence to support his conviction, and (2) trial counsel failed to provide him with effective assistance in his defense. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we are unpersuaded, we affirm.

**Sufficiency of the Evidence**

Defendant contends that there was insufficient evidence to support his conviction for first degree child abuse. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (citations omitted). The essential elements necessary for conviction are provided by the jury instructions. *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). Here, the jury was instructed that to

find Defendant guilty of first degree child abuse, the State was required to prove: (1) "[D]efendant caused [victim] to be placed in a situation which endangered the life or health of [victim]"; (2) "[D]efendant acted intentionally"; (3) "[D]efendant's actions resulted in great bodily harm to [victim]"; (4) "[victim] was under the age of 18"; and (5) "[t]his happened in New Mexico on or about the 30th day of December, 2007." [RP 63]  The jury was further instructed that great bodily harm meant "an injury to a person which creates a high probability of death." [RP 65]

In this Court's calendar notice, we noted that the victim testified that on December 30, 2007, he went to a friend's apartment in Deming, New Mexico, but his friend was not home. [DS 1] As he turned to leave, the victim heard voices in the alley next to the apartment.   [Id.]  Looking down the alley, the victim saw two juveniles and an adult, Jesus Muñoz, drinking alcohol. [Id.]  Muñoz approached the victim and told him to "get the fuck out of there."   [Id.]  The victim testified that at that moment someone came up behind him and cut his throat.   [Id.]  The victim was able to run home and was taken to the hospital where he was treated.  [Id.]   The treating physician testified  that the injury was serious enough to require the victim to stay in the hospital for several days.   [Id.]  Further, the doctor testified that, although the incision missed the major blood vessels and there was no massive blood loss, the wound was very deep and he had not seen other patients survive similar

3

wounds. [DS 1-2] While the victim testified he did not see who cut his throat, Muñoz testified that he was facing the victim, telling him to leave, when he saw Defendant walk up behind the victim and cut his throat. [DS 2] Muñoz further testified that Defendant later bragged that he had "cut that fool," and that Muñoz helped Defendant wash the blood from the knife. [Id.] We proposed to conclude that, based on this testimony, there was sufficient evidence to support Defendant's conviction for first degree child abuse.

In his memorandum in opposition, Defendant continues to argue pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that the evidence in this case was insufficient to support his conviction. Defendant contends that there was no physical evidence tying him to the crime; that he did not make any inculpatory statements; that Muñoz' testimony was suspect because he was initially implicated in the attack and had a motive to lie; and that Muñoz' testimony was contradicted by the testimony of Manuel Calvillo who testified that he was present at the scene and did not see Defendant cut the victim's throat. [MIO 4-5]

To the extent Defendant argues that there was no physical evidence tying him to the crime and that he did not make any inculpatory statements, such direct evidence is not required to support Defendant's conviction. *See State v. Duran*,

2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 ("The test for sufficiency of the evidence is whether substantial evidence of *either a direct or circumstantial nature* exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." (emphasis added) (internal quotation marks and citation omitted)).

To the extent Defendant challenges Muñoz' testimony on the basis that he had a motive to lie, "[i]t is up to the jury to weigh the testimony and contradictory evidence and believe or disbelieve any testimony it hears." *See State v. Gurule*, 2004-NMCA-008, ¶ 38, 134 N.M. 804, 82 P.3d 975. "This Court does not substitute its judgment for that of the factfinder concerning the credibility of witnesses or the weight to be given their testimony." *Id.* (recognizing that "[t]estimony by a witness whom the factfinder has believed may be rejected by an appellate court only if there is a physical impossibility that the statements are true or the falsity of the statement is apparent without resort to inferences or deductions" (internal quotation marks and citation omitted)).

Finally, to the extent Defendant argues that Muñoz' testimony was contradicted, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

We conclude that there was sufficient evidence to support Defendant's conviction for first degree child abuse and that Defendant's arguments to the contrary are unavailing.  Accordingly, we affirm on this issue.

**Ineffective Assistance of Counsel**

Defendant contends that his defense counsel was ineffective based on counsel's alleged failure to properly cross-examine witnesses, investigate the case prior to trial, object to evidence presented by the State, and effectively challenge the credibility and reliability of the witnesses presented by the State.  [DS  2]   In this Court's calendar notice, we noted that for Defendant to establish a prima facie case of ineffective assistance of counsel, Defendant was required to show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that he was prejudiced by the deficient performance.  *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729.  We proposed to conclude that Defendant had not established a prima facie case of ineffective assistance of counsel, because there was insufficient information contained in the docketing statement to demonstrate how counsel was deficient and how that deficiency prejudiced Defendant.  In his memorandum in opposition, Defendant refers to several alleged deficiencies with his trial counsel; however, we note that the basis for Defendant's claim of ineffective assistance of counsel is not supported by the record.  [MIO 5]  Thus, we conclude that Defendant's ineffective

6

assistance claim would be more properly brought as a habeas corpus petition. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance."); *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims)

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

7

**ROBERT E. ROBLES, Judge**