This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 30,042**

**MANUEL TRUJILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OFCURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant challenges the sufficiency of the evidence to support his conviction after a jury trial for possession of a controlled substance, contrary to NMSA 1978,

Section 30-31-23 (1995) (amended 2006).  [DS 2]  Defendant raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985).  [DS 3; MIO 1] We issued a calendar notice proposing to summarily affirm Defendant's conviction. Defendant filed a timely memorandum in opposition, which we have duly considered. We affirm.

**DISCUSSION**

"Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction.  We determine whether a rational [fact finder] could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (citation omitted).  On appeal, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

In order to convict Defendant of possession of a controlled substance, the State was required to prove beyond a reasonable doubt that (1) Defendant had methamphetamine in his possession, and (2) he knew it was methamphetamine. *See* UJI 14-3102 NMRA.  [RP 95] As discussed in greater detail in the calendar notice, a

2

police officer testified that he found two pipes and a plastic bag with residue on Defendant upon his arrest. [DS 2; RP 110-11] The evidence tested positive for methamphetamine. [RP 110-14] In addition, Defendant testified that he admitted to using methamphetamine and to having a pipe used for smoking methamphetamine. [RP 115-16] Defendant's response does not challenge our understanding of the evidence. We remain persuaded that the State introduced sufficient evidence that Defendant had methamphetamine in his possession and that he knew it was methamphetamine.

Defendant continues to argue that he presented an alternate and credible version of the events. [MIO 3] In his testimony, Defendant disputed that the pipe or bag contained any trace of a controlled substance and suggested that the officer may have tampered with the evidence. [MIO 1] Defendant also claimed that the officer threatened to charge Defendant with possession after he refused to reveal the name of his drug supplier. [MIO 1] As we stated in our calendar notice, the officer and the forensic drug chemist testified that there was residue in the pipes and plastic bags that tested positive for methamphetamine. [RP 110-14] In addition, the officer testified about how he handled the evidence. [RP 110-11] In light of the other evidence, the jury was free to disregard Defendant's version of events. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to make credibility determinations and resolve any conflict in witness

testimony). We remain persuaded that there was sufficient evidence to support Defendant's conviction for possession of methamphetamine.

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**