This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                               **NO. 30,428**

**NICHOLAS M. OLIVAS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles Cruse Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals his conviction for aggravated battery with a deadly weapon (pencil). We proposed to affirm in a calendar notice, and Defendant has filed a memorandum in opposition with this Court. We have duly considered Defendant's arguments, but we are not persuaded that our proposed disposition is incorrect. We affirm.

Defendant continues to challenge the sufficiency of the evidence to support his conviction. Defendant argues that pencils are readily available to detainees and that the State did not introduce medical testimony to show that "the pencil wounds . . . could have caused death or great bodily harm." [MIO 6] Defendant does not refer us to authority for the proposition that medical testimony is required to establish the requirements of the statute. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists).

Defendant cites to *State v. Nick R.*, 2009-NMSC-050, ¶ 36, 147 N.M. 182, 218 P.3d 868, for the proposition that, in cases involving a non "*per se* weapon," a jury must decide whether the object was possessed with the intent to carry it as a weapon and that the object was capable of causing wounds described in our statute. [MIO 7-8] Our statute describes a deadly weapon as "any weapon which is capable of producing

death or great bodily harm," or "any other weapons with which dangerous wounds can be inflicted." NMSA 1978, § 30-1-12(B) (1963). As discussed in *Nick R.*, "a vast array of tools and other ordinary items" can be considered deadly weapons depending on their use. 2009-NMSC-050, ¶ 40.

In this case, Defendant held some pencils in his hand, ran to the victim, and struck the victim in the head with a pencil. A portion of a pencil stuck in the victim's scalp, and the victim had to receive IV fluids and seven staples to close the wound. The jury was able to view the incident on videotape, and the State argued that, if a pencil had been stuck into an organ or jugular vein, it could have caused death or great bodily harm. The jury determined that the pencil was capable of producing the harm described in the statute. The evidence was sufficient to support the jury's finding. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (explaining standard of review for sufficiency questions).

Defendant continues to claim, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that he has no recollection of his 1995 conviction. Nevertheless, Defendant argues that the district court's determination of his release date for the 1995 conviction is not supported by "conclusive evidence." [MIO 12] The district court calculated the release date by looking at the date on which the crime occurred that led

3

to the 1995 conviction, and looking at the date on which Defendant finished his sentence, November 17, 2002. [RP 112] The district court found that, even with the deduction of nine months between the time the crime was committed and the time Defendant was convicted, his sentence was not completed more than ten years before the crime in this case. [Id.] The district court also explained that the crime leading to the 1995 conviction occurred while he was an inmate and that sentence would have been consecutive to the sentence for which he was imprisoned at the time. [Id.] In other words, the district court provided two explanations for its determination regarding the release date. Defendant provides no explanation for his claim that the district court's calculations are incorrect.

For the reasons stated in this opinion and in our calendar notice, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

4

_____

**ROBERT E. ROBLES, Judge**