428 P.2d 982

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas FRANKLIN, Defendant-Appellant.**

**No. 8330.**

Supreme Court of New Mexico.

June 30, 1967.

Tom W. Neal, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fé, for appellee.

## OPINION ON MOTION FOR REHEARING

PER CURIAM:

Rehearing is granted. The opinion originally filed herein is withdrawn and the following substituted in lieu thereof:

NOBLE, Justice.

Thomas Franklin has appealed from an order of the district court denying his Rule 93 motion for relief from a judgment and sentence to imprisonment. The single question presented is whether section 14, article II of the New Mexico State Constitution, permitting felonies to be charged by information, violates either the Fifth Amendment requirement of a grand jury indictment, or the due process clause of the Fourteenth Amendment to the Constitution of the United States.

Petitioner agrees that the precise question was settled as long ago as 1884 when the Supreme Court of the United States in Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, held the Fifth Amendment's requirement for a grand jury indictment was not applicable to the States. He also agrees that Hurtado has not been expressly overruled. Indeed, to the contrary, it has been consistently followed. See McNulty v. People of State of California, 149 U.S. 645, 13 S.Ct. 959, 37 L.Ed. 882; Hodgson v. State of Vermont, 168 U.S. 262, 18 S.Ct. 80, 42 L.Ed. 461;

Bolln v. State of Nebraska, 176 U.S. 83, 20 S.Ct. 287, 44 L.Ed. 382; Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 448, 44 L.Ed. 597; Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249; Dowdell v. United States, 221 U.S. 325, 31 S.Ct. 590, 55 L.Ed. 753; Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340.

■ Petitioner argues, however, that the prohibition against charging a felony except upon a grand jury indictment is a guarantee of the Bill of Rights which is a fundamental safeguard of liberty protected against state invasion by the due process clause of the Fourteenth Amendment. He arrives at this conclusion by applying the reasoning of Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, which holds the Fifth Amendment's privilege against self-incrimination is made applicable to the States by the due process clause. That reasoning, he argues, makes the requirement for grand jury indictment equally applicable to the States. We cannot subscribe to this view. We do not construe Malloy v. Hogan, supra, as changing the long-established rule that due process does not require the States to adopt the grand jury procedure. Nor do we find anything in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, intimating that the United States Supreme Court considers changing Hurtado. The precise issue was before the Circuit Court of Appeals of the Tenth Circuit in Blakesley v. Crouse, 332 F.2d 849 (1964), cert. denied 379 U.S. 949, 85 S.Ct. 446, 13 L.Ed.2d 546, where the Fifth Amendment requirement was held not to be applicable to the States. See, also, Saunders v. Buckhoe, 346 F.2d 558 (6th Cir. 1965).

Similarly, a number of state courts have recently determined the question and, so far as we are advised, have unanimously rejected the position advanced by the petitioner. Among those decisions are State v. Lee (Mo.1966), 404 S.W.2d 740; State v. Fogliani (Nev.1966), 411 P.2d 122; State v. Kanistanaux (Wash.1966), 414 P.2d 784; State v. Westphal, 62 Wash.2d 301, 382 P.

2d 269, cert. denied, Westphal v. Rhay, 375 U.S. 947, 84 S.Ct. 358, 11 L.Ed.2d 277.

Counsel has listed eight additional points requested by the petitioner which are not argued. Briefly, they assert that inadmissible statements were made by the petitioner to police officers; denial of counsel at critical stages; failure to try petitioner separately on each count; failure to hold a preliminary examination on the charge of forgery; failure to suppress evidence claimed to have been illegally seized; questioning petitioner separately from others during the investigation; improper selection of the jury; and improper sentencing as to accessory to burglary. The trial court made extensive findings of fact against the petitioner's contentions.

We think it appropriate to call attention to the fact that the Supreme Court of the United States in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, discussed the proper procedure for district courts under the provisions of 28 U.S.C.A., § 2255, from which our Rule 93 was patterned. That court pointed out that the federal statute requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The court there went on to emphasize that where factual allegations relating primarily to purported occurrences outside of the courtroom put in issue matters upon which the record could cast no real light, the court must hold a hearing at which the prisoner is permitted to offer evidence.

Machibroda also sets forth the circumstances under which the motion may be considered without the personal appearance of the prisoner.

We have carefully examined the allegations of the petition and are convinced that they are such as probably could be resolved by reference to the court record itself. However, the record originally submitted

contained nothing from which we could determine the correctness of the rulings made by the trial court.

■ We appreciate the fact that we have advised generally that appointed counsel should set forth contentions urged by a petitioner whether or not counsel feels they have merit and whether such contentions are in fact argued by counsel. But without the benefit of material portions of the record considered by the trial court in arriving at its conclusion, we have nothing to review. Accordingly, in having the record prepared, it is incumbent upon counsel for the petitioner to have included therein such parts of the record as may be necessary to assure a review by this court. This is true whether or not counsel considers such contentions to have any merit, and whether or not he intends to advance any argument thereon. This can be accomplished in most instances, we assume, by a stipulation pursuant to Supreme Court Rule 13(8) (§ 21–2–1(13) (8), N.M.S.A.1953) as to what the record shows. Under the points presented by the brief, the pertinent facts could then be set forth and a review by the appellate court would then be possible. We do not mean by anything we have said to intimate that counsel is required to argue any contention advanced by a prisoner which counsel believes to be without merit.

The role of appointed counsel, even though he may feel that the prisoner's contentions lack merit, is detailed in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501.

■ By diminution of the record, the trial judge has now certified:

"* * * that in making his Findings of Fact and Conclusions of Law, said findings and conclusions, apart from the contention in respect to the right of consideration of charges by a grand jury, he relied upon the investigation of Mr. Houston [court-appointed counsel], as shown by his letter. * * *."

Certainly the determination that the motion, files and records of the case conclusively show that the prisoner is entitled to no relief must result from a personal inspection thereof by the court—not solely upon representations made by counsel. It now having been made to affirmatively appear that the court made no personal inspection of the files or records, there is, in fact, no proper basis for such findings and conclusions. Accordingly, the case must be reversed with directions to vacate the order appealed from, to examine the motion and pertinent files and records of the court, and, based upon the trial court's determination in respect thereto, to proceed further in a manner not inconsistent with what has been said.

It is so ordered.

MOISE, J., and OMAN, J., Court of Appeals, concur.