IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                                          NO. 28,814

BENITO ORONA,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Stephen Bridgforth, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

CASTILLO, Judge.

Defendant presents one issue on appeal: whether the jury verdict convicting him on one count of trafficking of a controlled substance was supported by substantial

evidence. [DS 4] This Court's calendar notice proposed summary affirmance. [CN 4] Defendant filed a memorandum in opposition and maintains that pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), the conviction was not supported by substantial evidence. [MIO 5] Unpersuaded, we affirm.

"[T]he test to determine the sufficiency of evidence in New Mexico . . . is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Graham*, 2005-NMSC-004, ¶ 6, 137 N.M. 197, 109 P.3d 285 (alterations in original) (internal quotation marks and citation omitted). We must first "view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* (internal quotation marks and citation omitted). After that we determine "whether the evidence, *viewed in this manner*, could justify a finding by *any* rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

Defendant was convicted under NMSA 1978, § 30-31-20(A)(2) (2006), which defines "traffic" as the distribution, sale, barter, or giving away of a controlled substance or controlled substance analog. Before trial, Defendant stipulated that "the

cocaine was cocaine." [DS 2] Cocaine is defined as a Schedule II controlled substance under NMSA 1978, § 30-31-7(A)(d) (2007). Section 30-31-20(B) makes it "unlawful for a person to intentionally traffic." The State therefore had to prove that Defendant intentionally sold, bartered, or gave away the cocaine.

The following facts are taken from Defendant's docketing statement and were reiterated in his memorandum in opposition. At trial, the State presented the testimony of Agent Elston. [DS 2-3] Agent Elston testified that he was watching a fidgety-looking woman standing by a pickup truck in the parking lot of a grocery store. [DS 3] A few minutes later, another vehicle drove up to the pickup. [DS 3] Defendant was in the passenger seat of the second vehicle. [DS 3] Agent Elston testified that he saw Defendant hand the woman a small white folded napkin, and the woman handed Defendant a small brown purse. [DS 3] Defendant's vehicle then drove away. [DS 3] Agent Elston approached the woman and secured her permission to search the pickup truck, and he located the napkin on the passenger floorboard. [MIO 2] The Agent testified that the napkin contained a substance that he believed to be cocaine. [MIO 3] In addition, the woman admitted that she had purchased a small amount of cocaine. [MIO 2]

The State admitted neither the napkin nor the purse into evidence. [DS 4] Despite this lack of physical evidence, however, we hold that the trafficking

3

conviction was supported by substantial evidence because the woman admitted to Agent Elston that she purchased cocaine, the Agent found the napkin in the truck containing a substance that he believed to be cocaine, and Defendant stipulated that the "cocaine was cocaine." A rational jury could conclude that Defendant exchanged the cocaine for the purse.

We further observe that the charging statute, Section 30-31-20(A)(2), includes in the definition of "trafficking" the "distribution, sale, barter or giving away of" a controlled substance. Thus, the State was required only to prove that Defendant intentionally gave away the cocaine. *See* § 30-31-20. As a result, the concession that the substance on the napkin was cocaine combined with Agent Elston's testimony that he saw Defendant hand the napkin to the woman would be sufficient to establish "trafficking" under Section 30-31-20(A)(2).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

4

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**


_____
**ROBERT E. ROBLES, Judge**