**Richard G. KIRBY, Petitioner–Appellant,**

v.

**James JANECKA, Warden; Gary K. King, Attorney General for the State of New Mexico, Respondents–Appellees.**

**No. 09–2097.**

United States Court of Appeals, Tenth Circuit.

Oct. 6, 2009.

Richard G. Kirby, Hobbs, NM, pro se.

Margaret Elizabeth McLean, Esq., New Mexico Attorney General, Santa Fe, NM, for Respondents–Appellees.

Before HARTZ, EBEL, and O'BRIEN, Circuit Judges.

### ORDER GRANTING CERTIFICATE OF APPEALABILITY*

DAVID M. EBEL, Circuit Judge.

Petitioner Richard G. Kirby, a *pro se* litigant, seeks a certificate of appealability under 28 U.S.C. § 2253(c) that will enable him to appeal the district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for a writ of a habeas corpus.

Kirby was convicted of felonious fraud in a New Mexico state court, found to be a habitual offender, and sentenced to serve five years' imprisonment. In his § 2254 petition, Kirby raised nine claims for relief from his conviction. The magistrate judge found Kirby had exhausted six of those habeas claims, but failed to exhaust the remaining three (Claim Nos. 6, 8, and 9). Specifically, the magistrate judge found these three claims "had not been raised in any state court proceeding." (R. vol. 2 at 708.) The magistrate judge, therefore, recommended dismissal without prejudice of the entire § 2254 petition, and the district court adopted those findings, later denying a motion to reconsider.

In the claims the district court deemed unexhausted, Kirby alleged ineffective assistance of appellate counsel (Claim No. 6), that the trial court erred in awarding restitution (Claim No. 8), and that the trial court erred in failing to grant Kirby bond pending appeal (Claim No. 9). Before the district court, Kirby offered to sever Claim Nos. 8 and 9 if unexhausted but maintained that he exhausted Claim No. 6. On appeal, Kirby continues to argue that all three claims were exhausted, or, in the alternative, Claim No. 6 was exhausted, and the court should have allowed him to sever the unexhausted claims.

We will grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). If a district court denies a habeas petition on procedural grounds, a certificate of appealability "should issue ... if the prisoner

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "To exhaust state court remedies with respect to a particular constitutional claim, a habeas petitioner must give the state courts a fair opportunity to address the claim." *Johnson v. Champion,* 288 F.3d 1215, 1224 (10th Cir.2002). From a preliminary review, Kirby appears to have potentially exhausted Claim Nos. 6 and 9, but not Claim No. 8.

With respect to Claim No. 6, Kirby filed an *Amended Petition for Writ of Habeas Corpus* on May 5, 2008 with the County of Dona Ana Third Judicial District of the State of New Mexico in which he raised the following ground for relief:

*Appellate Counsel*—Ground Six

Pursuant to his rights under *State v. Franklin,* 78 N.M. 127, 129, 42[8] P.2d 982 (1967) (an indigent criminal defendant has a right to have all issues raised by appointed appellate counsel.) Appellate counsel was deficient for not raising the above prosecutorial misconduct claims.

(Doc. No. 1 at 142.) In denying Kirby's petition on June 5, 2008, the state court did not address Kirby's ineffective assistance of appellate counsel claim. Kirby appealed the denial of his habeas petition directly to the Supreme Court of New Mexico. In his petition to the state supreme court, Kirby incorporated by cross-reference the arguments raised in his amended habeas petition, but it is unclear whether he attached his lower court filings. The court summarily denied relief on July 25, 2008.

Kirby raised Claim No. 9 when he filed a *Supplemental Request for Bond Pending Habeas* with the County of Dona Ana Third Judicial District of the State of New Mexico. In his petition to the state supreme court, he incorporated by cross-reference this supplemental filing. Kirby does not cite to any specific decision addressing or disposing of this motion; however, the state courts presumably viewed this motion as moot given the lower court's denial of Kirby's amended habeas petition on June 5, 2008 and the state supreme court's denial of it on July 25, 2008.

As to Claim No. 8, Kirby indicated to the federal district court that he raised this claim in his *Amended Petition for Writ of Habeas Corpus* filed on May 5, 2008 with the County of Dona Ana Third Judicial District of the State of New Mexico. However, Kirby does not appear to have clearly raised this issue in that petition.

Thus, after a preliminary review, Kirby appears to have arguably exhausted Claim Nos. 6 and 9, but not Claim No. 8. *See Johnson,* 288 F.3d at 1224. For this reason, we grant Kirby a certificate of appealability. *See* 28 U.S.C. § 2253(c). We direct the respondents to address the following issues plus any others it deems appropriate: (1) whether Kirby exhausted his state court claims for relief expressed in Claim Nos. 6, 8, and 9 of his federal § 2254 petition; (2) whether the district court erred in failing to allow Kirby to sever Claim Nos. 6, 8 and 9 to the extent that such claims are determined not to have been exhausted; and (3) whether this court should remand to the district court for its consideration of Kirby's request to sever and dismiss any unexhausted claims and to proceed with an analysis of the merits of the remaining exhausted claims.

The Court hereby GRANTS Kirby a certificate of appealability and orders Re-

spondents to file a Response Brief within 30 days of the issuance of this order. The Court also GRANTS Kirby's motion to proceed *in forma pauperis* on appeal. *See* Fed. R.App. P. 24.