This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO.   29,829

**JOAQUIN VEGA,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. "Pat" Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant


**MEMORANDUM OPINION**

Defendant appeals his sentence for four counts of child abuse and one count of false imprisonment claiming that his four convictions for child abuse should have

merged at sentencing based upon his unitary conduct. [DS 3] We proposed to affirm in a second notice of proposed summary disposition, and Defendant has filed a timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we affirm.

In his docketing statement, Defendant contends that the district court erred in failing to merge the four counts of child abuse (negligently caused, no death or great bodily harm) at sentencing. [DS 3; RP 92-95] *See* NMSA 1978, § 30-6-1(D) (2009). In our initial notice, we proposed to agree and to reverse because it appeared that all of the counts of child abuse were based on Defendant's unitary actions in battering his girlfriend, Ms. O'Hara, while she was driving. [DS 2] *Cf. State v. Castaneda,* 2001-NMCA-052, ¶¶ 14-15, 130 N.M. 679, 30 P.3d 368 (holding that because the defendant committed "one continuous act" of DWI with multiple children in her vehicle who were also not restrained by seatbelts, the defendant was subject to punishment for only one conviction for child abuse despite the fact that there were multiple victims of the abuse). We observed that multiple convictions for child abuse based on unitary conduct violates double jeopardy, notwithstanding the existence of multiple victims unless there is actual, separate harm to the individual children. *See id.*

In its memorandum in opposition, the State contends that there was evidence

showing individual injury to the respective children and some evidence showing non-unitary abusive conduct by Defendant beyond his wrongful acts in battering Ms. O'Hara while she was driving. [SMIO 2-3] *Cf. id.* ¶15 (emphasizing "that a single unit of prosecution in a child abuse case involving multiple victims is only appropriate where the children have not actually been harmed"). The first count of child abuse is based on Defendant's acts of battering Ms. O'Hara as she attempted to drive on the freeway with her four children in the car. [SMIO 2] A second count involves Defendant's act of throwing a partially full beer can at Ms. O'Hara which struck a child in the head who was sitting in the back seat. [SMIO 2] A third count arose when Defendant slammed Ms. O'Hara's head against the windshield which broke the windshield causing Ms. O'Hara to suddenly brake and swerve to the side of the road which in turn caused one of the children to be violently thrown forward and to suffer sprain or damage to her finger. [SMIO 2] The fourth count concerns Defendant's actions after he and Ms. O'Hara had returned to Ms. O'Hara's apartment and she had fled to a park to escape Defendant's attacks. [SMIO 3] After police officers arrived at the scene, Defendant held one of the children and used her as a shield until he surrendered. [SMIO 3]

Based upon the evidence showing four separate harms or discrete actions by Defendant, we issued a second notice proposing to affirm Defendant's sentence for

four separate counts of child abuse. *See id.* (noting that if the circumstances are such that actual harm resulted from the child abuse "it is entirely appropriate to charge the perpetrator with a separate count of child abuse for each victim"); *cf. State v. Santillanes,* 2001-NMSC-018, ¶¶ 2, 38, 130 N.M. 464, 27 P.3d 456 (upholding four convictions for child abuse where the defendant's act of driving while intoxicated resulted in the deaths of four children).

In his memorandum in opposition, Defendant does not dispute the State's recitation of the evidence. [DMIO 4] However, he nonetheless contends that the record does not support separate injuries to the children. [DMIO 4] He raises this contention pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 4]

Defendant claims that reliance on the State's recollection of the evidence "should not form the sole basis for determining if double jeopardy has occurred." [MIO 4-5] We are not persuaded by this claim given that Defendant has failed to contradict the evidence as recited by the State and he has failed to cite to any authority for his position that reliance on the State's representations would be in error. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) (observing that the "party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law"). Therefore, we affirm for the reasons set forth in

4

our second notice of proposed summary disposition.

**Conclusion**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm Defendant's convictions and sentence.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**TIMOTHY L. GARCIA, Judge**