This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                       **No. 30,357**

**DOMINIC BAU,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from the district court's order denying his motion to reconsider his sentence, which was imposed after Defendant pleaded guilty to criminal sexual penetration of a minor in the third degree and criminal sexual contact of a minor in the third degree. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We have considered Defendant's response and remain unpersuaded that the district court erred. We therefore affirm.

Defendant asks whether the district court sufficiently considered the testimony of members of the Taos Pueblo community in denying the motion to reconsider Defendant's sentence. [DS 8] He asks this Court to reverse his sentence and remand with instructions that he be sentenced no more than severely than a concurrent sentence on both counts. [MIO 2-3] Defendant pursues this contention on appeal pursuant to the demands of *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). [DS 8; MIO 2]

We explained in our notice that, as the appellate court, we review the sentence imposed by the district court for an abuse of discretion. *See State v. Cumpton*, 2000-NMCA-033, ¶ 12, 129 N.M. 47, 1 P.3d 429. We cannot find an abuse of discretion where the sentence imposed was authorized by law. *Id.* Also, "whether multiple sentences for multiple offenses run concurrently or consecutively is a matter resting

2

in the sound discretion of the trial court." *State v. Allen*, 2000-NMSC-002, ¶ 91, 128 N.M. 482, 994 P.2d 728 (internal quotation marks and citation omitted).

In the current case, the district court imposed the basic sentence for Defendant's crimes that was authorized by law, each carrying a six-year term of imprisonment, under NMSA 1978, Section 31-18-15(A)(8) (2007), and ran the sentences consecutively, followed by two years of parole. [RP 196-99]. The court also determined that the convictions were for serious violent offenses, thereby limiting the earned meritorious deductions for which he would be eligible for time served, pursuant to NMSA 1978, Section 33-2-34(L)(4)(g). [RP 197-98] The district court heard and considered the sentiments that could mitigate his sentence and chose not to do so. "There is no obligation on the part of a judge to depart from the basic sentence. The opportunity for a district court to mitigate a sentence depends solely on the discretion of the court and on no entitlement derived from any qualities of the defendant." *Cumpton*, 2000-NMCA-033, ¶ 12. Because "Defendant is entitled to no more than a sentence prescribed by law," we proposed to affirm. *Id.*

Defendant's response to our notice does not argue that the district court's sentence was illegal. Rather, he continues to argue that the district court failed to sufficiently consider the testimony of the witnesses who spoke favorably on his behalf. [MIO 2] As we detailed in our notice, the court heard and considered the

testimony and chose not to depart from the basic sentence. [CN 2-4] It was well within the district court's discretion to do so. *See id.* Because Defendant has not presented us with adequate grounds for district court error, we affirm the district court's sentence.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**