This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                  **NO. 30,518**

**MARC GOODMAN-NEVARREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. Pat Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from an order denying his motion to reconsider his sentence. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. As Defendant provides no new facts, authority, or argument that would persuade us that reversal is warranted, we affirm.

Defendant entered into a plea agreement on September 11, 2009. [RP 123-27] It stated that Defendant agreed to plead guilty to a number of crimes for which Defendant could receive a sentence of between eighteen and forty-three and a half years' imprisonment. [RP 123-24] The agreement specifically stated that there was no agreement between Defendant and the State as to the sentence to be imposed within this range. [RP 124] The agreement provided that Defendant "specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement." [RP 125] The agreement did not reserve any issues for appeal.

The district court sentenced Defendant to a term of forty-three and a half years' imprisonment. [RP 139] Defendant appealed to this Court, challenging his sentence as violative of principles of fairness, due process, and the right to be free from cruel and unusual punishment. [DS 13-17] In our notice of proposed summary disposition, we proposed to affirm Defendant's sentence because we proposed to hold that

2

Defendant waived his right to appeal his sentence on any grounds other than the district court's lack of subject matter jurisdiction. "[T]he constitutional right to appeal is waivable, and a defendant who knowingly, intelligently, and voluntarily pleads guilty, waives the right to appeal his conviction and sentence." *State v. Chavarria*, 2009-NMSC-020, ¶ 16, 146 N.M. 251, 208 P.3d 896. When a plea, as here, is unconditional in that it fails to reserve the right to appeal any issues, a defendant may only appeal if he seeks to challenge the district court's subject matter jurisdiction to enter the sentence imposed. *Id.* ¶¶ 11-12. A district court has jurisdiction to impose any sentence that is permitted by statute, and constitutional challenges to a sentence authorized by statute do not implicate the district court's jurisdiction. *Id*. ¶ 14.

In Defendant's memorandum in opposition, he argues, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that this Court should review Defendant's claims of error despite his express waiver of his right to raise them. However, he provides no authority to support this argument, and we are not persuaded that there is any legal basis for releasing him from the conditions of his agreement with the State.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**