Certiorari Denied, May 25, 2011, No. 32,921

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2011-NMCA-070**

**Filing Date:  February 24, 2011**

**Docket No. 28,815**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**ARCHIE SKINNER,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

## OPINION

**CASTILLO, Chief Judge.**

**{1}**     Defendant appeals his conviction of criminal sexual penetration of a minor (CSPM). His primary contention is that the district court erred in allowing Dr. Karen Carson, a pediatrician, to testify as to hearsay statements made by the child victim (Child) during a sexual assault nurse examination (SANE exam).  We hold that Dr. Carson's testimony

concerning Child's account of the abuse, as well as the identification of Defendant as the perpetrator, was properly admitted pursuant to Rule 11-803(D) NMRA. Dr. Carson's testimony regarding Child's statements about a drawing of a penis were admitted in error, but this error was harmless. Defendant failed to preserve his argument that the drawing itself was inadmissible hearsay and that Child's statements were inadmissible because they were more prejudicial than probative. We are unpersuaded by Defendant's sufficiency of the evidence and Sixth Amendment confrontation clause arguments. Accordingly, we affirm.

## I.    BACKGROUND

**{2}**    Defendant was charged with two counts of CSPM, in violation of NMSA 1978, Section 30-9-11 (2007) (amended 2009), and one count of criminal sexual contact with a minor (CSCM), in violation of NMSA 1978, Section 30-9-13 (2003). All three counts were based on allegations that Defendant engaged in sexual activity with Child who is his granddaughter and who was six years old at the time. Several witnesses testified at Defendant's trial, among them Child and Dr. Carson.

**{3}**    Child took the stand and testified that Defendant put his hand underneath her underwear, touched her vagina, and performed the act of cunnilingus on her. Dr. Carson, who performed a SANE exam of Child shortly after the sexual abuse came to light, also testified. Dr. Carson was asked what history she obtained from Child during the exam in relation to Defendant. As she began testifying about what Child told her, Defendant objected on grounds of hearsay and confrontation. The district court asked the State for additional foundation, which the State provided. The district court then overruled Defendant's objection concluding that Dr. Carson was engaged in medical diagnosis and treatment during the SANE exam and, thus, could testify as to hearsay statements Child made during the exam pursuant to Rule 11-803(D) that provides that statements made for purposes of medical diagnosis or treatment are not excluded by the hearsay rule.

**{4}**    After the ruling, Dr. Carson proceeded to explain that Child identified Defendant as the perpetrator of the abuse and then described the nature and scope of the abuse. Dr. Carson testified that Child told her that Defendant inserted his fingers into her vagina and anus, that he performed cunnilingus on her, and that he made her perform fellatio. Dr. Carson further testified that, after obtaining Child's medical history, she studied Child's vagina with specialized medical equipment and observed that Child's hymen had been torn in abnormal areas suggesting that Child's vagina had been deeply penetrated with either a finger or some other object.

**{5}**    The district court also admitted, over Defendant's objection, a drawing Child made for Dr. Carson during the SANE exam. The drawing was of a penis, and Dr. Carson testified that Child told her the drawing depicted Defendant's penis. Defendant objected that the drawing was irrelevant because Child had testified that the drawing depicted her uncle's penis.

2

**{6}** A directed verdict was granted as to the one count of CSCM and as to one of the two counts of CSPM. The jury found Defendant guilty on the remaining count of CSPM. Defendant was sentenced based on this conviction.

## II. DISCUSSION

**{7}** On appeal, Defendant makes four arguments. First, Defendant argues that the district court made several errors relating to the admissibility of the evidence. Specifically, Defendant claims that the district court wrongly permitted Dr. Carson to testify as to statements Child made during the SANE exam. Defendant also argues that the district court erred in admitting the drawing Child drew during the SANE exam. Third, Defendant argues that there was insufficient evidence to support the conviction. Finally, Defendant argues, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that allowing Dr. Carson to testify about Child's statements during the SANE exam violated Defendant's Sixth Amendment right to confrontation. We address these matters in turn.

### A. Evidentiary Matters

**{8}** "Generally speaking, a reviewing court defers to the trial court's decision to admit or exclude evidence and will not reverse unless there has been an abuse of discretion. However, our review of the application of the law to the facts is conducted de novo." *State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232 (internal quotation marks and citation omitted). "A misapprehension of the law upon which a court bases an otherwise discretionary evidentiary ruling is subject to de novo review." *Id.* We begin our analysis by examining Defendant's arguments relating to Dr. Carson's testimony and then turn to Defendant's claims concerning the drawing.

### 1. Statements by Child to Dr. Carson

**{9}** Relying on *State v. Ortega*, 2008-NMCA-001, ¶ 27, 143 N.M. 261, 175 P.3d 929, *overruled in part by State v. Mendez*, 2010-NMSC-044, 148 N.M. 761, 242 P.3d 328, Defendant asserts that hearsay statements made by a victim of sexual abuse during a SANE exam do not fall within Rule 11-803(D) as such statements are not for the purpose of medical diagnosis or treatment but are primarily for evidentiary purposes to prosecute a crime. Accordingly, Defendant contends that the district court improperly admitted Dr. Carson's testimony concerning statements made by Child during the SANE exam. However, our Supreme Court overruled *Ortega* to the following extent: "Under [*Ortega*, 2008-NMCA-001, ¶¶ 16-27], hearsay statements made to a [SANE] nurse . . . during an examination of a victim of alleged sexual abuse, are rarely admissible at trial, even if some of those statements pertain to 'medical diagnosis or treatment' under Rule 11-803(D) . . ., and even if the declarant testifies at trial." *Mendez*, 2010-NMSC-044, ¶ 1. The Court concluded that "*Ortega* went too far in its hearsay analysis and in categorically excluding statements made to SANE nurses," and "reverse[d] the evidentiary ruling of the trial court, and the affirming opinion of the Court of Appeals that relied on *Ortega*," which the Supreme Court partially overruled. *Mendez*, 2010-NMSC-044, ¶ 1.

2

**{10}** "The hearsay rule excludes from admissible evidence statements that are inherently untrustworthy because of the risk of misperception, failed memory, insincerity, ambiguity, and the like." *Mendez*, 2010-NMSC-044, ¶ 19. "There are, however, numerous exceptions to the hearsay rule when statements made by an out-of-court declarant nevertheless possess circumstantial guarantees of reliability sufficient to make the statements trustworthy and admissible." *Id.*; *see* Rule 11-802 NMRA ("Hearsay is not admissible except as provided by these rules . . . ."). Rule 11-803(D) is one such exception and provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

"The State bears the burden of laying the proper foundation for admitting statements under Rule 11-803(D) and Rule 11-403 [NMRA]." *Mendez*, 2010-NMSC-044, ¶ 54.

**{11}** In *Mendez*, our Supreme Court overruled *Ortega*, in part, and clarified existing law for applying Rule 11-803(D) as it relates to the admissibility of hearsay statements elicited from a victim of sexual abuse during a SANE exam. *Mendez*, 2010-NMSC-044, ¶¶ 13, 40-55. Defendant's trial occurred before *Mendez*, and Defendant's submissions on appeal were also filed before *Mendez* had been issued. *Mendez* explains that *Ortega* erroneously directed "courts to determine the purpose of the encounter, instead of considering the substance of, and circumstances surrounding, individual statements." *Mendez*, 2010-NMSC-044, ¶ 39. This approach, our Supreme Court determined, "is irreconcilable with previous hearsay opinions in which our courts have focused on particular statements, determining in each instance the purpose for which the statement was made." *Id.* The Court acknowledged "the special challenges posed by determining the admissibility of statements made" by victims during SANE exams under Rule 11-803(D), but rejected "the notion that statements can be categorically excluded based on the professional status or affiliation of the individual to whom the statement is made." *Mendez*, 2010-NMSC-044, ¶ 41. We reject Defendant's assertion that Child's statements to Dr. Carson during the SANE exam were categorically inadmissible as this claim is contrary to *Mendez*. We proceed to evaluate these statements in light of the guidance provided in *Mendez*.

**{12}** Our Supreme Court explained in *Mendez* that "[t]wo underlying rationales traditionally animate Rule 11-803(D)." *Mendez*, 2010-NMSC-044, ¶ 20. The first rationale is the help-seeking motivation. *Id.* "[T]he declarant's self-interest in obtaining proper medical attention renders the usual risks of hearsay testimony . . . minimal when associated with medical treatment." *Id.* (omission in original) (internal quotation marks and citation omitted). The second rationale is commonly referred to as pertinence. *Id.* ¶ 21. "[I]f a

4

statement is pertinent to a medical condition, such that a medical care provider reasonably relies upon it in arriving at a diagnosis or treatment, the statement is deemed sufficiently reliable to overcome hearsay concerns." *Id.* "Trustworthiness can be established under either rationale alone, or some degree of both. In any event, trial courts are best suited to consider the relevant facts and circumstances of a given case in order to make the ultimate determination." *Id.* ¶ 23. Trial courts must closely scrutinize the exchange between the medical provider and patient "to determine the statement's overall trustworthiness under Rule 11-803(D) in light of the[se] two rationales." *Mendez*, 2010-NMSC-044, ¶ 42. In other words, "[t]he trial court must . . . carefully parse each statement made to a [SANE nurse] to determine whether the statement is sufficiently trustworthy, focusing on the declarant's motivation to seek medical care and whether a medical provider could have reasonably relied on the statement for diagnosing or treating the declarant." *Id.* ¶ 43.

**{13}** The hearsay statements proffered by Dr. Carson can be divided into three discrete categories. The first is Dr. Carson's testimony concerning Child's account of the nature and scope of the sexual abuse. The second is Dr. Carson's testimony regarding Child's identification of Defendant as the perpetrator of the abuse. The third is Dr. Carson's testimony that Child stated the drawing she drew was of Defendant's penis. We analyze the admissibility of each category in turn.

**{14}** As to the first category, *Mendez* states that a "patient's account of what happened to her body helps medical care providers determine the best way to proceed in diagnosing and ultimately treating any injury." *Id.* ¶ 48. *Mendez* further indicates that statements elicited from a victim of sexual abuse by a medical provider concerning the nature of any body-to-body contact involved in the abuse, the possibility of any fluid-to-body contact occurring during the abuse, and any bodily sensations experienced by the victim during the abuse may, under the context and circumstances, relate directly to the victim's help-seeking motivation and be pertinent to medical diagnosis and treatment. *Id.* ¶¶ 44-45.

**{15}** The evidence shows that in the morning hours of November 8, 2007, Child was taken to a doctor because she was experiencing vaginal pain. Officers from the Roswell Police Department were summoned to the doctor's office at around 10 a.m. and were informed that Child had been sexually assaulted. Child was brought to Esperanza House at 11:00 a.m. for an interview and then taken to Dr. Carson at roughly 1:45 p.m. for the SANE exam.

**{16}** Dr. Carson testified that she complied with the statewide SANE protocols and obtained a history of Child prior to conducting the physical examination. The State asked Dr. Carson what purpose was served in her attempt to obtain Child's history. Dr. Carson responded that the purpose of obtaining Child's medical history was to diagnose Child and treat her physical complaints. Dr. Carson further testified that this is something that all physicians do when a person with physical maladies seeks treatment. Dr. Carson then described Child's account of the nature and extent of the abuse which, as previously described, involved vaginal and anal penetration, cunnilingus, and fellatio. Dr. Carson testified that after she obtained this history, she performed an external and internal examination of Child's body. Dr. Carson discovered that Child had no external injuries but had sustained penetrating injuries to her vagina which corroborated Child's claim that she

5

had been vaginally penetrated with either a finger or some other object.

**{17}** In our view, the State laid a sufficient foundation to permit us to conclude that the district court did not abuse its discretion in ruling that Child's statements to Dr. Carson about the nature and scope of the abuse were admissible under Rule 11-803(D). The evidence indicates (1) that Dr. Carson was attempting to identify whether Child was injured when Dr. Carson asked Child to describe the nature and scope of the abuse, (2) that Child's statements about the scope of the abuse were pertinent to her health and treatment, and (3) that it was reasonable for Dr. Carson to rely on Child's statements in attempting to identify Child's injuries. Indeed, during her physical examination of Child, Dr. Carson found injuries in the areas of Child's body where Child claimed she had been penetrated. Dr. Carson's testimony concerning Child's account of the scope and nature of the abuse was properly admitted.

**{18}** We turn now to the second category of Dr. Carson's testimony—Child's identification of Defendant as the perpetrator of the sexual abuse. *Mendez* instructs that "statements of fault or identity are inadmissible under the hearsay exception for purposes of medical diagnosis or treatment because they are not pertinent to treatment or diagnosis[,]" but there is an exception: victim statements involving the identification of the abuser may be admissible under Rule 11-803(D) where the identity of the abuser is pertinent to psychological treatment or where treatment involves separating the victim from the abuser. *Mendez*, 2010-NMSC-044, ¶¶ 52-53.

**{19}** At trial, the State presented evidence that Defendant served as a caregiver for Child during the period of time preceding Child's complaint of vaginal pain. Dr. Carson stated that Child told her that Defendant was her "Papa," thus alerting Dr. Carson to the probability that Defendant was Child's relative. This evidence is sufficient to permit us to conclude that Dr. Carson would need to know if Defendant was the source of the sexual abuse so as to prevent Child from being returned to Defendant's care and further harmed. *See id.* ¶ 53 ("[I]nformation that a child sexual abuser is a member of the patient's household is reasonably pertinent to a course of treatment that includes removing the child from the home." (internal quotation marks and citation omitted)). We conclude that Dr. Carson's statement that Child told her Defendant was the perpetrator of the abuse was also properly admitted under Rule 11-803(D).

**{20}** The last category of hearsay at issue here is Dr. Carson's statement that Child told her that the drawing she drew was of Defendant's penis. At trial, Dr. Carson testified that Child volunteered to draw the drawing during the SANE exam. Dr. Carson stated that she does not ask patients undergoing SANE exams to make drawings, but she allowed Child to make the drawing in this instance because Child volunteered to do so. Dr. Carson testified that after Child drew the drawing, Child told Dr. Carson it was a drawing of Defendant's penis.

**{21}** The record provides no guidance as to how Child's assertion that the drawing was of Defendant's penis might have assisted Dr. Carson in her efforts to diagnose or treat Child's injuries. Dr. Carson merely testified that Child asked to draw a drawing, she did so, and then she claimed it was of Defendant's penis. Without more, we cannot conclude that

the State met its foundational burden as to the admissibility of this statement under Rule 11-803(D).

**{22}** Even though admission of this evidence was error, we conclude that this error was harmless. The standard for harmless error review in the evidentiary context is summarized in *State v. Branch*, 2010-NMSC-042, 148 N.M. 601, 241 P.3d 602. There, our Supreme Court provided the following guidance.

> Given that the error in this case was an evidentiary error, we employ the non-constitutional standard for the harmless error analysis. [A] non-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict. Reviewing courts consider three factors when determining whether an error is harmless: [W]hether there is: (1) substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear minuscule; and (3) no substantial conflicting evidence to discredit the State's testimony. These factors are considered in conjunction with one another . . . [and] provide a reviewing court with a reliable basis for determining whether an error is harmless.

*Id.* ¶ 15 (alterations in original) (omission in original) (internal quotation marks and citations omitted).

**{23}** As to the first factor, there was substantial evidence other than Dr. Carson's improperly admitted statement regarding the drawing to support Defendant's conviction. The jury was instructed that, to find Defendant guilty of CSPM, they were required to find: (1) that Defendant caused Child to engage in cunnilingus or that Defendant caused the insertion of his finger, to any extent, into Child's vagina; (2) that Child was twelve years of age or younger; and (3) that this happened in New Mexico on or about November 6, 2007. Child testified that Defendant touched her vagina and performed cunnilingus on her. Dr. Carson similarly testified that Child stated during the SANE exam that Defendant inserted his finger into her vagina and anus and performed cunnilingus on her. Dr. Carson's examination of Child's vagina revealed evidence that Child's vagina had been penetrated with either a finger or some other object.

**{24}** Turning to the second factor, we determine that Dr. Carson's improperly admitted testimony appears minuscule in comparison to the permissible evidence just described. As detailed above, the testimony regarding the drawing was insignificant in relation to the permissible evidence admitted.

**{25}** The third factor relates to other evidence in the case. While there was some evidence of Child's untruthfulness, there was no substantial conflicting evidence to discredit the testimony presented by the State. Moreover, Defendant submitted evidence in the form of testimony from various family members that Child had a reputation for being untruthful. The conflict between Child's testimony as to the drawing and that of Dr. Carson provided

7

support for Defendant's theory. Although Defendant contends that Dr. Carson's testimony as to the drawing corroborated Child's account, this is not the case. Child's other testimony regarding the abuse was corroborated by Dr. Carson's testimony, but Child's identification of the penis in the drawing contradicted Dr. Carson's testimony and in doing so, aided Defendant in presenting his theory of the case.

**{26}**    Accordingly, after weighing the factors, we conclude that there was no reasonable probability that the admission of Dr. Carson's testimony concerning Child's statements about the drawing during the SANE exam affected the verdict. The district court committed harmless error in admitting this evidence.

**{27}**    Before proceeding to the next issue on appeal, we address Defendant's contention that Dr. Carson's hearsay statements should be excluded under Rule 11-403 NMRA. Specifically, Defendant argues that Dr. Carson's status as an expert shrouded her testimony in an air of trustworthiness and impinged on the jury's role as factfinder. We decline to entertain this argument because "Defendant's brief-in-chief fails to include the requisite statement regarding preservation" regarding this argument. *State v. Harrison*, 2010-NMSC-038, ¶ 11, 148 N.M. 500, 238 P.3d 869; *see* Rule 12-213(A)(4) NMRA.

## 2.    Drawing

**{28}**    We now turn to Defendant's arguments concerning the admissibility of the drawing itself. In his brief-in-chief, Defendant provides three grounds for his position that the drawing was inadmissible: (1) because it was based on the inadmissible statements of Dr. Carson, (2) because allowing Dr. Carson to testify to the drawing allowed improper validation of the exhibit, and (3) because it was irrelevant. Defendant did not preserve the first two claims; thus, we will not address them on appeal. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]").

**{29}**    As to relevancy, Defendant maintains that because there was no admissible testimony linking the drawing to Defendant, the drawing itself was irrelevant and was therefore wrongly admitted. We disagree. As we have explained in paragraph 25, Defendant's theory of the case was that Child had a reputation for being untruthful and that the accusations against Defendant were false. Child's testimony that the drawing depicted her uncle's penis would tend to show that she had seen her uncle's penis. This could raise a question regarding the veracity of her testimony that Defendant was the perpetrator. Viewed in this light, we cannot see how such evidence was relevant because this evidence tends to show precisely what Defendant wanted the jury to believe—that Child had lied. The drawing was relevant, and we reject Defendant's arguments to the contrary.

## C.    Sufficiency of the Evidence

**{30}**    Defendant contends that the evidence was insufficient to "allow a rational trier of fact to find him guilty of" the one count of CSPM of which he was convicted. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or

circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Riley*, 2010-NMSC-005, ¶ 12, 147 N.M. 557, 226 P.3d 656 (internal quotation marks and citation omitted). We set forth the jury instruction and described the evidence supporting the conviction in the preceding section of this opinion and need not do so again here. Rather, we focus on Defendant's arguments.

**{31}** Defendant asserts that the evidence was insufficient to support the verdict because Child's credibility is dubious and because Child testified that her family members instructed her to identify Defendant as the source of the abuse. This line of argument is unavailing. "As an appellate court, we do not substitute our judgment for that of the factfinder concerning the credibility of witnesses or the weight to be given their testimony." *State v. Nichols*, 2006-NMCA-017, ¶ 9, 139 N.M. 72, 128 P.3d 500 (internal quotation marks and citation omitted). "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{32}** Defendant also claims that, while the medical evidence indicates that Child suffered a penetrating injury to her vagina, there was no evidence to connect Defendant with the injury. We disagree. Child testified that Defendant touched her vagina with his finger. Dr. Carson testified that during the SANE examination Child claimed that Defendant penetrated her vagina with his finger. Moreover, the jury instruction indicates that Defendant could be convicted of CSPM for *either* inserting his finger into Child's vagina to any degree or by causing Child to engage in cunnilingus. Putting aside the evidence that Defendant penetrated Child's vagina with his finger, there was also evidence presented that Defendant caused Child to engage in cunnilingus. We reject Defendant's assertion that the evidence was insufficient to support the conviction.

## D.    Confrontation

**{33}** Defendant's final argument is submitted pursuant to *Franklin* and *Boyer*. He asserts that his Sixth Amendment right to confrontation was violated when the district court allowed Dr. Carson to testify about the statements Child made during the SANE exam. This argument is without merit as Child testified in this case, and Defendant did have an opportunity to face Child at trial and cross-examine her. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987) (observing that the confrontation clause provides criminal defendants the right to physically face those who testify against them and the right to conduct cross-examination).

## III.    CONCLUSION

**{34}** For the foregoing reasons, the judgment of the district court is affirmed.

**{35}    IT IS SO ORDERED.**

**CELIA FOY CASTILLO, Chief Judge**

WE CONCUR:

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**

**Topic Index for *State v. Skinner*, Docket No. 28,815**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-HE | Harmless Error |
| AE-PA | Preservation of Issues for Appeal |
| AE-SB | Substantial or Sufficient Evidence |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-CT | Confrontation |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CP | Criminal Sexual Penetration |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CW | Children as Witnesses |
| CA-RT | Right to Confrontation |
| CA-SE | Substantial or Sufficient Evidence |
| | |
| **EV** | **EVIDENCE** |
| EV-CH | Children as Witnesses |
| EV-HR | Hearsay Evidence |
| EV-PB | Probative Value vs. Prejudicial Effect |
| EV-SS | Substantial or Sufficient Evidence |