This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                              **No. 32,332**

**BRITNEE BLAIR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from the district court's judgment and sentence, convicting her after a bench trial for voluntary manslaughter and embezzlement of a motor vehicle. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We have considered Defendant's response and remain unpersuaded. Therefore, we affirm.

Defendant raises two issues on appeal. First, she argues that the district court erred by denying her a continuance of the trial after a defense witness, Arnold Cline, failed to appear. [DS 6; MIO 6-8] Second, pursuant to the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), Defendant challenges the sufficiency of the State's evidence to support her conviction for voluntary manslaughter and the sufficiency of the State's evidence to rebut her theory of self-defense. [DS 7; MIO 8-12]

**Denial of a Continuance**

In response to our notice, Defendant states that, given the inconsistent statements Mr. Cline made during police interviews, she needed Mr. Cline's live testimony to verify that Mr. Tiller had antagonized Defendant and attempted to sexually batter and harm her in Mr. Cline's presence. [MIO 5] Defendant also states

2

that defense counsel stipulated with the State to substitute the recordings of Mr. Cline's police interviews for his in-person testimony. [MIO 4]

We believe that Defendant has waived any argument that the recordings were insufficient by the defense's stipulation to use those recordings. The New Mexico Supreme Court has held that where a defendant acquiesces in the admission of an unavailable witness's prior statements, it constitutes a voluntary abandonment of the right to examine the witness and a waiver of the issue on appeal. *See State v. Campos*, 1996-NMSC-043, ¶ 47, 122 N.M. 148, 921 P.2d 1266. The Court went on to say that "[t]he doctrine of fundamental error cannot be invoked to remedy the defendant's own invited mistakes." *Id.*

We also note that although Defendant does not provide us with the exact statements of Mr. Cline that she wanted to present at trial or direct us to the statements in the record, it appears to us that Defendant, nevertheless, received the benefit of those exculpatory statements Mr. Cline made to police. The district court found that Mr. Tiller had sufficiently provoked Defendant to raise a reasonable doubt that Defendant committed murder. [MIO 5] As indicated in our notice of proposed summary disposition, self-defense requires the presence of an "immediate danger of death or great bodily harm" that causes the defendant actual fear and elicits a reaction from the defendant that a reasonable person would have had under the circumstances.

*See* UJI 14-5171 NMRA. Mr. Cline did not witness the killing of Mr. Tiller, and Defendant gives us no indication that his in-person testimony would have clarified whether Mr. Tiller placed Defendant in fear of an immediate danger of death or great bodily harm or whether a reasonable person would have acted as she did. [RP 8-19] At best, witness statements that appear in the record support the district court's finding that there was sufficient provocation to mitigate murder to a manslaughter conviction. [Id.] Based on the foregoing, we hold that Defendant waived any continuance that might have permitted Mr. Cline's in-person testimony and that she nevertheless received any benefit that she would have gotten by his availability at trial.

**Sufficiency of the Evidence**

As indicated earlier, self-defense requires proof of the following beyond a reasonable doubt.

1. There was an appearance of immediate danger of death or great bodily harm to the defendant as a result of _____; and

2. The defendant was in fact put in fear by the apparent danger of immediate death or great bodily harm and killed _____ (name of victim) because of that fear; and

3. A reasonable person in the same circumstances as the defendant would have acted as the defendant did.

*Id.* (use notes omitted).

In response to our notice, Defendant provides a more thorough recitation of the facts. Those facts, however, viewed in the light most favorable to the verdict do not support Defendant's theory that she acted in self-defense. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that on appeal we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences[,] and resolving all conflicts in the evidence in favor of the verdict"). "Contrary evidence supporting acquittal does not provide a basis for reversal because the [fact-finder] is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We agree with the State's theory that it is reasonable to infer that Defendant would not have repeatedly exposed herself to Mr. Tiller's presence or allowed him to remain in her house while she was alone if she truly were afraid that he posed a threat of imminent death or great bodily harm. In light of the standards articulated, we are persuaded that the State's evidence created a reasonable doubt as to whether Mr. Tiller placed Defendant in fear of immediate danger of death or great bodily harm and whether a reasonable person would have acted as Defendant did under the circumstances. We therefore affirm her conviction for voluntary manslaughter.

**Conclusion**

5

For the reasons stated in this Opinion and in our notice, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**