This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 35,806**

**JUAN DIAZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals from the district court's judgment in an on-record appeal, affirming the sentencing order of the metropolitan court that convicted Defendant for assault on a household member. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that Defendant has demonstrated error. We therefore affirm.

{2}     On appeal, Defendant challenges the sufficiency of the evidence presented to support his conviction for assault on a household member (his estranged wife) based on the victim's motive to fabricate her testimony: she could remain in the country if she was a victim of domestic violence receiving particular assistance; she had a pending claim against Defendant for unpaid child support; and she had accused Defendant of seeing someone else. [DS 6-7] Defendant pursues this issue under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 1]

{3}     Noting the detailed recitation of the victim's testimony and the absence of contradiction thereto in the docketing statement, our notice proposed to adopt that portion of the district court's opinion as the controlling facts of the case. [RP 107-09; DS 2-6] We proposed to reject Defendant's arguments that the victim's testimony was rendered insufficient by virtue of her motives to lie, relying on the distinctions between the role of the district court as fact finder and our role as the appellate court.

2

We stated that the role of the reviewing court is to "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Specifically, it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{4}     In response to our notice, Defendant does not contend that there were factual errors in our notice. Rather, Defendant continues to argue that the victim's motives to lie did not provide a legally sufficient basis for his conviction. [MIO 1] We disagree and hold that, based on the principles stated above, we cannot engage in the type of credibility determination and reweighing of the evidence that Defendant's argument would require of us. The victim's testimony supplied substantial evidence to support Defendant's conviction. [RP 108-09]

{5}     We affirm the district court's judgment that affirms the metropolitan court's amended judgment and sentence.

3

{6}    **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**M. MONICA ZAMORA, Judge**

4