This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                              **NO.   30,895**

**IGANCIO LOERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals from the judgment, convicting him after a jury trial of false imprisonment; Criminal Sexual Penetration (CSP) (child 13-18) (force or coercion); and selling or giving alcoholic beverages to a minor. [RP 384] This Court's calendar

notice proposed to affirm on the six issues Defendant raises on appeal. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

**Issue 1: The District Court's Decision Not to Admit the Facebook or MySpace Page Purporting to be of the Victim**

"We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

Defendant sought to admit a Facebook or MySpace page of K.E. showing that she represented herself to be eighteen years old. [DS 2] K.E. denied that the page was hers, and the page was not admitted. [Id.] In the memorandum, Defendant relies on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), in continuing to argue that the jury should have been allowed to see the page and make up their own minds as to whether it was in fact K.E.'s photo or not. [MIO 22-24] We disagree.

As we discussed in the calendar notice, Defendant did not establish that he had viewed the page prior to his interactions with K.E. that led to his convictions for CSP (child 13-18), false imprisonment, and giving alcohol to a minor. Moreover, Defendant did not present any evidence that he relied on K.E.'s alleged representation

that she was eighteen years old on Facebook or MySpace in considering whether to supply her with alcohol or commit CSP. In addition, K.E. denied that the page was hers. Also, Defendant testified that K.E. told him she was seventeen, not eighteen. [DS 2] Finally, Defendant's cousin further testified that K.E. stated she was seventeen when she met Defendant. [DS 3]

We remain persuaded that Defendant did not establish that the Facebook or MySpace page was relevant to whether Defendant knew K.E. was eighteen at the time of the incidents. Further, the fact that K.E. denied it was hers made the page collateral evidence. As such, submission of the photo to the jury could have been misleading and may have allowed the jury to be sidetracked into debating whether they thought the photo was of K.E. or not, when Defendant did not establish that he relied on the page in considering whether to supply K.E. with liquor and commit CSP.

We affirm the district court on this issue.

**Issue 2: Sufficient Evidence of Coercion to Support Defendant's Conviction for CSP (child 13-18)**

"In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact

3

finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

The jury was instructed that in order to find Defendant guilty of CSP (child 13-18) (force or coercion), they must find the following elements of the crime to their satisfaction beyond a reasonable doubt: (1) Defendant caused K.E. to engage in sexual intercourse; (2) K.E. was at least thirteen but less that eighteen years old; (3) Defendant used physical force or physical violence; or K.E. was unconscious, or asleep, or physically helpless, or suffering from a mental condition so as to be incapable of understanding the nature or consequences of what Defendant was doing; and Defendant knew or had reason to know of the condition of K.E.; and (4) this happened in New Mexico on or about April 25, 2009. [RP 270] The jury was also instructed on the lesser-included offense of CSP (child 13-18). [RP 271-72] The jury was instructed that they must find that Defendant acted intentionally when he committed the crime. [RP 276]

At trial, K.E.'s mother testified that when her daughter, K.E., walked in the front door the morning after the alleged incidents on August 25, 2009, K.E. was wearing a white t-shirt that did not belong to her and she had several bruises on her face. [RP 22] In addition, K.E.'s brother testified at trial that he received a phone call from Defendant at two o'clock in the morning of alleged incidents who stated that

K.E. was drunk and he didn't want to take her home that way so he was going to watch her and take her home the next morning. [Id.] K.E. also testified that she was in her front yard talking with Defendant the evening before and she woke up at his residence and that was all she remembered. [Id.] A few days later, K.E. told her mother that Defendant had raped her, and that Defendant had given her vodka, which she drank, and which he put in her soda. [RP 24] K.E. further testified that she did not remember anything after that until she woke up at Defendant's house wearing large boxer shorts and a white t-shirt that did not belong to her. [Id.] K.E.'s own clothes were on the floor next to the bed. [Id.] K.E. further testified that Defendant told her that he kept trying to get on top of her and was trying to "get some" but she was fighting him off, so he hit her. [Id.] Moreover, when she punched him in the eye, Defendant "head butted her." [Id.] Defendant also told K.E. that they had sex five times in five hours and that he 'came' in her a lot so she wasn't going to be pregnant. [Id.] K.E. was fifteen years old at the time.

We hold that there was substantial evidence that the CSP was committed on a child between 13 and 18 years old and that it was committed with force or coercion. In addition, contrary to Defendant's contentions in the memorandum [MIO 18-21], we hold that there was sufficient evidence of the CSP that was factually distinct from the kidnaping. Defendant argues that he did not prevent K.E.'s liberation for a longer

5

period of time or to a greater degree than that which was necessary to commit CSP. [MIO 20] The State presented testimony, however, that Defendant raped K.E. numerous times throughout the night, including while he knew that she was she was drunk, unaware, and incapable of resisting, and while she vigorously resisted Defendant to which he responded by hitting and head butting her. To the extent that Defendant contended that he understood K.E. to be seventeen or eighteen and that the sex was consensual, the jury was instructed on Defendant's defense with regard to his alleged belief as to K.E.'s age [RP 273], and the jury as fact finder is not required to believe Defendant's version of the events. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts").

Accordingly, we affirm Defendant's conviction for CSP (child 13-18) (force or coercion).

**Issue 3: Sufficient Evidence of False Imprisonment**

In analyzing this issue, we apply the same standard of review as set forth in our discussion of Issue 2. The jury was instructed that in order to convict Defendant of false imprisonment, they must find the following elements of the crime to their satisfaction beyond a reasonable doubt: (1) Defendant restrained K.E. against her

6

will; (2) Defendant knew that he had no authority to restrain K.E.; and (3) this happened in New Mexico on or about April 25, 2009. [RP 269] In addition, the jury was instructed that they must find that Defendant acted intentionally when he committed the crime. [RP 276]

As discussed above, there was testimony at trial that in New Mexico on August 25, 2009, Defendant took K.E. to his residence and restrained her there. When K.E. tried to fight against Defendant, he hit her and head butted her. The jury could reasonably infer that Defendant restrained K.E. against her will and that he knew he had no authority to do so. As discussed in Issue 2 above, we also hold that there was sufficient evidence of the kidnaping that was factually distinct from the CSP.

We affirm Defendant's conviction for false imprisonment.

**Issue 4: Prosecutor's Misstatement of the Law**

"In the absence of prejudice, there is no reversible error." *State v. Fernandez*, 117 N.M. 673, 676, 875 P.2d 1104, 1107 (Ct. App. 1994). Defendant contends that the prosecutor misstated the law in arguing that Defendant's cousin's statement that K.E. had identified herself as seventeen did not help Defendant because seventeen is still under age. [DS 3] Defendant states that "[t]his would be true if the sex was forcible but not if the sex was consensual." [Id.] Defendant continues to argue that

7

he was prejudiced by the prosecutor's statements in the memorandum, relying on *Franklin* and *Boyer*. [MIO 22-25]

As we discussed in the calendar notice, the jury was correctly instructed on this issue:

> Evidence was presented that the defendant believed that [K.E.] was 17 years old. The burden is on the state to prove beyond a reasonable doubt that the defendant did not act under an honest and reasonable belief in the existence of those facts. If you have a reasonable doubt as to whether the defendant's action resulted from a mistaken belief of those facts, you must find the defendant not guilty.

[RP 273] Moreover, in any case, there was abundant evidence, which the jury found to be credible, that the sex was forcible and not consensual.

We affirm the district court on this issue.

**Issue 5: Ineffective Assistance of Counsel**

In the memorandum, Defendant relies on *Franklin* and *Boyer* in continuing to argue that his counsel was ineffective for failing to object to the prosecutor's misstatements of the law regarding CSP. [MIO 25-27] We are not persuaded.

There is a two-fold test for proving ineffective assistance of counsel: the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient

8

performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs. *Id.*

We cannot say that Defendant has made a prima facie case of ineffective assistance of counsel by failing to object to the prosecutor's misstatement in argument. First, as we discussed in Issue 4, the jury was correctly instructed on the issue. [RP 273] Second, it appears that there was abundant evidence, which the jury found credible, that the CSP was committed with force and was not consensual. As such, we cannot say that "but for" counsel's failure to object to the prosecutor's misstatement there is a reasonable probability that the result of the trial would have been different. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384.

Accordingly, we affirm on this issue. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**Issue 6: Double Jeopardy**

In the memorandum, Defendant relies on out-of-state authority in continuing to argue that his double jeopardy rights were violated when he was convicted of false imprisonment and CSP by force or coercion. [MIO 5-16] Defendant argues that the conduct at issue in this case was unitary and that the Legislature did not intend to

punish restraint incidental to the commission of another offense as kidnaping. [Id.] We are not persuaded.

*Swafford v. State*, 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991) sets forth three separate protections afforded by the double jeopardy prohibition: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. For the double jeopardy prohibition against multiple punishments, there are two types of cases: (1) when a defendant is charged with multiple violations of the same statute based on a single course of conduct, referred to as "unit of prosecution" cases; and (2) when a defendant is charged with violations of multiple statutes for the same conduct, referred to as "double description" cases. *See State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61 (internal quotation marks and citation omitted). Defendant appears to contend that his convictions for false imprisonment and CSP (child 13-18) (force or coercion) constitutes a "double description" violation of double jeopardy.

For "double description" cases, application of a two-part test is merited: (1) whether the conduct is unitary, and (2) if so, whether the Legislature intended to create separately punishable offenses based on the statutes. *DeGraff*, 2006-NMSC-011, ¶ 27. To address unitary conduct for double description cases, we consider

10

whether the defendant's acts are separated by sufficient "indicia of distinctness." *Swafford*, 112 N.M. at 13, 810 P.2d at 1233. Conduct is non-unitary if sufficient "indicia of distinctness" separate the illegal acts. *Id.*

In this case, there was testimony at trial that K.E. was talking to Defendant in her front yard, drank vodka with him, and the next thing she remembered, she woke up at his house. K.E. was restrained against her will when Defendant took her to his house and when he hit her to keep her there. Moreover, after taking K.E. to his house Defendant proceeded to have sex five times with K.E. during the following five hours. At times Defendant knew that K.E. was unaware and incapacitated by alcohol and unable to resist or consent. At other times, K.E. resisted by punching Defendant in the eye and he hit her and head butted her. We hold that the events present sufficient indicia of distinctiveness such that there is no unitary conduct.

Even if there were unitary conduct in this case, however, the elements of the two crimes, as evidenced by the jury instructions in this case [RP 269, 270], are vastly different and, as such, making them separate crimes serves different societal interests. *See Swafford*, 112 N.M. at 8-9, 810 P.2d at 1228-29 (stating that to address legislative intent for double description cases, we apply the test in *Blockburger v. United States*, 284 U.S. 299, 304 (1932) and compare the elements of the relevant statutes to determine if the Legislature intended multiple punishments); *see also State v. Armijo*,

11

2005-NMCA-010, ¶ 22, 136 N.M. 723, 104 P.3d 1114 ("When applying the *Blockburger* test to compound offenses or offenses that may be charged in alternate ways, we look only to the elements of the statutes *as charged to the jury* and disregard the inapplicable statutory elements.").

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**