This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO. 31,408**

**TAWNY GRIFFIN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

    Defendant appeals the revocation of her probation. We proposed to affirm in

a calendar notice, and we have received a memorandum in opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant relies on *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), in support of her arguments. Defendant continues to claim that she was denied due process when she was not allowed to confront the person who prepared the probation revocation report. Defendant concedes that a probation revocation hearing does not require the "full panoply of rights" provided in a criminal trial. *See State v. Guthrie*, 2011-NMSC-014,¶ 10, 150 N.M. 64, 257 P.3d 904 (internal quotation marks and citation omitted). However, Defendant claims that this case falls on the "no good cause" end of the sliding scale discussed in *Guthrie*. [MIO 3] As explained in *Guthrie*, due process is flexible depending on the situation and it is determined on a case-by-case basis. *Id.* ¶ 33. When good cause exists for revocation of probation, there is little reason for live testimony or cross-examination of witnesses. *Id.* ¶ 40. Good cause may exist when the evidence is not contested, the evidence is corroborated by other reliable evidence, or the evidence is documented by a reliable source that has no motive to fabricate. *Id.* On the other hand, there is no good cause when, for example, evidence is contested, unsupported or contradicted, "and its source has a motive to fabricate[,]" or when

evidence is judgment-based and subject to interpretation. *Id.* ¶ 41.

In this case, although Defendant contests some of the evidence, the report detailing the reasons for revoking Defendant's probation was documented by a probation officer, and there was nothing to indicate that the officer had a reason to fabricate the report. Defendant admitted at the hearing that she had possessed drug paraphernalia, that she violated her probation, that she continued to use drugs prior to the treatment program, and that she knew she was violating her probation by doing so. [RP 102] The State also had drug test reports and an admission from Defendant that she used controlled substances. [RP 72] Therefore, this case falls on the good cause end of the spectrum discussed in *Guthrie*. We hold that there was no need for the officer that prepared the report to testify at the hearing.

Defendant again claims that the State did not provide her with the probation revocation report until the day of the hearing. The State claimed that it was not aware of the report until that day. Defendant argues that, although the probation form, including details of the charges and supporting evidence, was supplied to Defendant, she was not provided with the source of the allegations–the probation report–and could not prepare a response. As discussed in our calendar notice, a revocation proceeding is generally not viewed as a criminal prosecution but is more akin to an administrative proceeding which does not require strict compliance with rules of law

or procedure. *State v. DeBorde*, 1996-NMCA-042, ¶¶ 8-9, 121 N.M. 601, 915 P.2d 906. This would include adherence to Rule 5-501 NMRA, which governs disclosure by the State. In addition, as discussed in our notice, the State was not aware of the document until the day of the hearing, and given the detailed documents that were provided to Defendant, there is nothing to show that Defendant was prejudiced by receiving the report on the day of the hearing.

Defendant again includes a double jeopardy claim in her memorandum in opposition. Defendant cites to *State v. Fielder*, 2005-NMCA-108, ¶ 11, 138 N.M. 244, 118 P.3d 752, for the proposition that double jeopardy "bars successive prosecutions of all degrees of the offense following an acquittal of any degree." [MIO 6] It appears that Defendant is claiming that, if her probation revocation is reversed in this case, she cannot have her probation revoked again based on the same charges. We are not inclined to reverse the probation revocation. Therefore, we reject Defendant's argument.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's probation revocation.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**