This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 31,526**

**MARTIN ROBERT KNIEF,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mart T. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

Defendant appeals the district court's order revoking his probation and imposing judgment and sentence. We proposed to affirm in a notice of proposed summary disposition, and Defendant filed a memorandum in opposition. Having

considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm.

To briefly recap, Defendant was sentenced on two felony counts for a total of three years followed by a year of parole in this matter, CR 2005-349, ("CR-349 "). [RP 51-52; MIO 1; DS 3] The sentence was suspended except for time served, and Defendant was to be placed on supervised probation for the balance of the three years followed by a year of parole. [RP 51-52; MIO 1; DS 3] The sentence further states "probation to run consecutive to any sentence imposed as a result of [D]efendant's probation violation in Taos, New Mexico." [RP 52; MIO 1; DS 3] At the time, Defendant had an open probation violation in Taos in CR 2003-103 ("CR-103"). [MIO 1; DS 4]

On November 16, 2006, Defendant was sentenced on his probation violation in CR 103. [MIO 1; DS 2, 4] Defendant's probation in CR 103 was revoked another time after a hearing on June 26, 2008, and at that point, Defendant was incarcerated for the remainder of the sentence in CR 103 which ran until December 28, 2008. [RP 92-93]

At the July 18, 2011, probation revocation hearing in this matter, Defendant moved to dismiss the revocation proceeding, arguing that the district court lacked jurisdiction because the probationary period had already expired. [MIO 2-3; DS 2]

*See generally State v. Neal*, 2007-NMCA-086, ¶ 17, 142 N.M. 487, 167 P.3d 935 (recognizing that in general, "a court has no jurisdiction to revoke probation after the probationary term has been served"). He claimed below and also claims on appeal, that his probation in this matter started on November 17, 2006, the day he was sentenced for the revocation proceeding in CR 103, not when he finished serving his sentence in CR 103 on December 28, 2008. [MIO 3-4; DS 2] On appeal, he raises this contention pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 5; DS 2]

In our previous notice, we proposed to affirm because a plain reading of the language in Defendant's sentence that it runs "consecutive to [the other] sentence" clearly indicates that the probationary period in CR 349 will begin after Defendant serves whatever sentence the district court imposes in the probationary revocation proceedings in CR 103 - the Taos case. [CN 2] "[W]e will not interpret Defendant's sentence to say something it does not." *State v. Pando*, 1996-NMCA-078, ¶ 12, 122 N.M. 167, 921 P.2d 1285 (refusing to "substitute an artificial and inaccurate interpretation for the plain and clear meaning of an unambiguous sentence"). Furthermore, we observed that the district court's interpretation comports with the general rule that a new sentence is served consecutive to an older one, unless the

sentencing court orders otherwise. *See Neal*, 2007-NMCA-086, ¶ 21. A common sense reading of the language in Defendant's sentence, coupled with the general rule, led us to propose to agree with the district court that the probationary period in CR 349 began once Defendant completed the sentence imposed in CR 103.

In his memorandum in opposition, Defendant fails to contradict any of our observations regarding the underlying facts in this matter nor does he challenge our legal analysis. [MIO 1-5] Instead, he merely reasserts his contention that he began serving probation in this matter on November 17, 2006, despite the language in his sentence that probation would run consecutive to that imposed in the Taos matter. [MIO 4-5] Therefore, for the reasons set forth in our notice of proposed summary affirmance, we affirm the order revoking Defendant's probation and imposing judgment and sentence in this matter.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

4

_____

**MICHAEL E. VIGIL, Judge**