This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                          NO. 35,079

**CHRISTOPHER DIAZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Appellate Defender
Kathleen T. Baldridge, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

{1}     Defendant appeals from the district court's order revoking his probation. Unpersuaded that Defendant demonstrated error on appeal, we issued a notice of

proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded that Defendant has demonstrated error in the revocation of his probation or in his sentence. We therefore affirm.

{2}    On appeal, Defendant challenges the sufficiency of the evidence to support the revocation of his probation [MIO 3-5] and argues that his three-year sentence for the alleged violation constitutes cruel and unusual punishment. [MIO 5-9] We do not repeat the analysis contained in our notice and respond only to those arguments pursued in Defendant's memorandum in opposition.

{3}    In response to our notice, Defendant contends that the evidence failed to show that Defendant knowingly conducted himself in a manner that violated his probation. [MIO 4-5] Defendant seems to be focusing on his attendance at mental health counseling and his mental illness diagnosis as support for his argument that he did not knowingly violate probation. [MIO 4-5] Defendant does not dispute, however, that he failed to complete his outpatient treatment program, failed to attend numerous counseling sessions, and appeared to be intoxicated at three sessions he did attend. [MIO 3-4] Defendant is unable to point to any evidence in the record to support a claim that his mental illness or the drugs he takes for it prohibit him from knowingly violating his probation. [MIO 5] Consistent with the Rules of Professional Conduct, Defendant's response refers the Court to case law for the proposition that revocation

2

was proper despite a claim that mental illness resulted in a faultless probation violation. [MIO 5] *See* Rule 16-303(A)(2) NMRA.

**{4}** Because there is no indication that our notice contained any misunderstanding of the facts or misstatement of the law, we hold that the State adequately established a probation violation, which Defendant did not rebut with sufficient excuse. *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." (internal quotation marks and citation omitted)).

**{5}** In his second claim of error, Defendant continues to argue that his three-year sentence constitutes cruel and unusual punishment, pursued under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 5-9] Our notice suggested that an unpreserved cruel and unusual punishment argument is not reviewed for fundamental error—rather, it is not reviewable at all for the first time on appeal—because it is not a jurisdictional challenge to a sentence. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 *but see State v. Castillo*, 2011-NMCA-046, ¶ 29, 149 N.M. 536, 252 P.3d 760 (applying the standard for fundamental error when addressing an unpreserved claim that the sentence constituted cruel and unusual punishment). Our notice stated that we are bound by Supreme Court precedent, and therefore, we followed *Chavarria* and proposed to not

review Defendant's claim of cruel and unusual punishment for the first time on appeal, because his sentence was authorized by statute. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent).

{6}     In response, Defendant does not provide this Court with any reason why Supreme Court precedent would not apply to the current case. Consistent with our notice, we see no error in Defendant's sentence.

{7}     For the reasons stated in the notice and in this Opinion, we affirm the district court's order revoking Defendant's probation.

{8}     **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**M. MONICA ZAMORA, Judge**

4