This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 35,127

**JONATHAN D. OWENS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**J. C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Jonathan Owens (Defendant) appeals his convictions for two counts of attempting to commit extortion, two counts of aggravated assault with a deadly weapon, and the firearm enhancements imposed on each of the aggravated assault counts. This Court's second notice proposed to reverse, in part, and affirm, in part. The State and Defendant both filed a memorandum in opposition to this Court's proposed disposition. Not persuaded by either, we affirm the sufficiency of evidence to support Defendant's convictions but reverse each of the firearm enhancements.

{2}     Applying *State v. Branch*, 2016-NMCA-071, 387 P.3d 250, we proposed to reverse the imposition of a one-year firearm enhancement under NMSA 1978, § 31-18-16(A) (1993), on each of Defendant's convictions for aggravated assault with a deadly weapon on the basis that it violated his right to be free from double jeopardy. [CN2 2] The State filed a memorandum in opposition, arguing that the Supreme Court granted the State's cross-petition for certiorari in *Branch*, on July 28, 2016 (No. 35,951), to review the issue of whether the application of a firearm enhancement to the defendant's sentence violates double jeopardy in that case. [State MIO 1] The State asserts that this Court should reconsider its ruling on that issue in *Branch*, or hold this case in abeyance pending the Supreme Court's decision. Having considered the State's arguments, we decline to reconsider *Branch* and continue to follow our precedent until overruled by the Supreme Court. *See Padilla v. State Farm Mut. Auto.*

*Ins. Co*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901 ("The principle of stare decisis dictates adherence to precedent.").

{3}     This Court's second calendar notice continued to propose affirmance on the sufficiency of evidence to support Defendant's convictions. [CN2 3] Defendant's second memorandum in opposition repeats the same argument that the evidence presented at trial did not exclude all reasonable doubt. [Defendant MIO 3] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). We suggest that while Defendant's testimony to the contrary, if believed by the jury, could have cast doubt on the veracity of the State's witnesses, it was the jury's duty to weigh the credibility of the witnesses and this Court does not reweigh the evidence. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Based on the evidence, and "indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict[,]" we conclude that the evidence presented at trial was sufficient to exclude all reasonable doubt and supported Defendant's convictions. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d

829 (stating that in determining the sufficiency of evidence, we disregard all evidence and inferences that support a different result).

{4} This Court's second notice continued to propose that exigent circumstances were established based on the evidence relied upon in the first calendar notice and Defendant's failure to dispute those facts. [CN2 4-5] Specifically, we proposed to conclude that Defendant's warrantless arrest was lawfully based on both probable cause and exigent circumstances, where there was evidence that the deputy received a call informing her that Defendant was pointing a gun at and trying to kill two government officials on his property. [CN1 6] Defendant repeats the argument but does not otherwise point to any error in fact or law to persuade us that our legal conclusion is erroneous. [Defendant MIO 4] *See Mondragon*, 1988-NMCA-027, ¶ 10.

{5} Next, Defendant continues to argue pursuant to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1, that his numerous motions, meritorious on their face, should not have been summarily dismissed without a hearing, and that his commitment prior to trial violated NMSA 1978, Section 31-9-1.5 (1999), because no evidentiary hearing was conducted to establish by clear and convincing evidence that he committed the crimes for which he was accused. [Defendant MIO 6] We adhere to our conclusion that it was within the judge's discretion to rule on the motions without a hearing, given that the judge either expressly indicated no hearing was necessary, as there were

4

no facts requiring further factual development [3 RP 582, 643, 663, 689, 691], or made findings analyzing the parties' arguments [3 RP 582-92; 643-44; 663-64]. *See State v. Guerro*, 1999-NMCA-026, ¶¶ 26-28, 126 N.M. 699, 974 P.2d 669 (recognizing trial court's refusal to hold an evidentiary hearing as being within the judge's discretion particularly where claims are based on the judge's personal observation and knowledge of the case, where the party fails to state the grounds for relief, or the record contradicts the assertions made). We note Defendant acknowledges that because he is no longer in custody, there is no remedy for this due process claim. [Defendant MIO 6] Because Defendant points to no error in fact or law, we affirm. *See Mondragon*, 1988-NMCA-027, ¶ 10.

{6}     For all of these reasons, and those stated in this Court's first and second calendar notices, we reverse, in part, and affirm, in part.

{7}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**J. MILES HANISEE, Judge**

5