This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                     **No. 36,042**

**LONNIE SKILES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Ramsey & Hoon, LLC
Twila A. Hoon
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant appeals from the district court's judgment in an on-record appeal, affirming the sentencing order of the metropolitan court that convicted Defendant for

first offense DWI. We issued a notice of proposed summary affirmance of Defendant's conviction for first offense DWI. Our notice also proposed summary remand for correction of the district court's judgment, because the district court's judgment indicated that the metropolitan court "found him guilty of aggravated DWI." [RP 114] Defendant has responded to our notice with a memorandum in opposition that concurs with our proposal to remand for correction of the district court's judgment and requests that we reconsider our proposed affirmance of his conviction for first offense DWI. The State has not filed a response. Having considered Defendant's memorandum in opposition, we remand to the district court for correction of the judgment and affirm Defendant's conviction for first offense DWI.

{2}     On appeal, Defendant argues that the State failed to present sufficient evidence of a nexus proving that Defendant was intoxicated when he was driving. [MIO 2-4] Because this is the same argument Defendant raises to challenge probable cause, we address them together. [MIO 5-6] Defendant pursues both issues under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982; and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [DS 11-12; MIO 2, 5] We avoid the unnecessary duplication of our analysis in the notice and respond only to those arguments raised in the memorandum in opposition.

{3}     Defendant argues that *State v. Cotton*, 2011-NMCA-096, 150 N.M. 583, 263

P.3d 925, should control our decision and warrants reversal, because there was a gap between the time there was a witness to Defendant's driving and when Defendant was found intoxicated. [MIO 2-4] We disagree that *Cotton* controls. There was no evidence presented in *Cotton* to establish when the defendant was driving, no evidence that the defendant's driving and drinking overlapped, and no evidence that Defendant had an intent to drive when he was intoxicated. *See id.* ¶¶ 4-5, 14. In contrast, here there was a witness to Defendant's driving; there was evidence that Defendant crashed into a parked vehicle and left the scene; and within ten to fifteen minutes later a witness to Defendant's driving arrived at Defendant's location, where Defendant's vehicle was parked and blocked in by a maintenance worker's truck to prevent Defendant from leaving; that witness, who rushed to Defendant's location within ten to fifteen minutes after the accident, noticed that Defendant was slurring his speech, smelled strongly of alcohol, had an empty bottle of vodka on the passenger-side floor, and could barely stand. [RP 106, 108-09, 112] In addition, Defendant refused field sobriety tests three times and his breath test results were .27 and .29, far beyond the legal limit. [RP 110, 112] We agree with the district court that given the short time frame between Defendant's witnessed driving and the witness arriving at Defendant's vehicle, the evidence was sufficient to prove that Defendant was intoxicated while driving. *See State v. Sims*, 2010-NMSC-027, ¶ 3, 148 N.M. 330, 236 P.3d 642

3

(holding that where there is a witness to Defendant's driving at or near the time of apprehension, the State does not need to rely on "actual physical control" to prove that Defendant was DWI).

{4} The maintenance worker who blocked in Defendant's vehicle called the police, and the witness to Defendant's driving took Defendant's driver's license and keys and waited until the police arrived. From this we can conclude that the officer was told all of the information that could lead to a reasonable belief that Defendant was intoxicated while driving before the officer conducted his own investigation and arrested Defendant. [RP 106, 108-09] *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187 (stating that "[a]n officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed" and clarifying that an officer does not need "to observe a suspect actually driving in an impaired manner if the officer, based upon all the facts and circumstances, has reasonable grounds to believe that [the driver] had been driving while intoxicated" (alteration in original, internal quotation marks and citation omitted)). We hold the officer had probable cause to arrest Defendant. *Id.* ¶ 12 (holding that "the smell of alcohol emanating from [the d]efendant, [the d]efendant's lack of balance at the vehicle, and the manner of [the d]efendant's performance of the

4

FSTs constituted sufficient circumstances to give the officer the requisite objectively reasonable belief that [the d]efendant had been driving while intoxicated and to proceed with BAC tests, and thus constituted probable cause to arrest [the d]efendant").

{5}     For these reasons, we affirm Defendant's conviction for first offense DWI and remand to the district court for correction of the judgment indicating that the metropolitan court convicted Defendant for aggravated DWI.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**STEPHEN G. FRENCH, Judge**