This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                                          **No. 36,244**

**MARIO TOBY GARCIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} The State appeals from the district court's order dismissing the case without prejudice pursuant to LR2-400(I) NMRA (2016).[1] [RP 18] Persuaded by the State's docketing statement, we entered a notice of proposed summary disposition, proposing to reverse. Defendant has filed a joint motion to amend and memorandum in opposition (MIO) to our notice. We are unpersuaded by Defendant's arguments and therefore reverse.

{2} In its docketing statement, the State articulated four issues—all of which relate to the central contention that the district court erred in dismissing the case pursuant to LR2-400. Our notice, which proposed summary reversal, set forth the relevant facts for each issue and the law that we believed controlled. In response, Defendant argues, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and its progeny, that the district court did not abuse its discretion when it dismissed the case. [MIO 11] Defendant's MIO does not supply any legal or factual argument that persuades us that our analysis or proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding

---

[1]LR2-400 has been recompiled and amended as LR2-308 NMRA. For purposes of this case, the relevant provisions are the same.

to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we decline to address this issue any further.

{3}     Defendant has also filed a motion to amend the docketing statement to add the issue of whether this Court has jurisdiction to hear this appeal. [MIO 1] Specifically, Defendant asserts that we do not have jurisdiction because the State is not aggrieved by an order dismissing the case without prejudice. [MIO 1] However, there is no provision permitting an appellee to amend the appellant s docketing statement. *See generally* Rule 12–208 NMRA; Rule 12–210 NMRA. Additionally, even if Defendant could amend the State s docketing statement to include the issue he raises, *State v. Lucero*, 2017–NMCA–

___, ___ P.3d ___, (No. 34,713, Apr. 3, 2017), forecloses his arguments. To the extent Defendant urges us to reconsider *Lucero*, we decline to do so.

{4} Accordingly, for the foregoing reasons, we reverse the district court and remand for further proceedings.

{5} **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**

4