This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **No. A-1-CA-36659**

**RICKY SALAZAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant Ricky Salazar appeals from his jury trial convictions for aggravated battery against a household member and criminal trespass in 2001. [DS 2] We issued

a notice proposing to summarily affirm, in part, and to summarily dismiss, in part. Defendant filed a memorandum in opposition, pursuant to *State v. Franklin* 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1, which we have duly considered. Remaining unpersuaded, we affirm, in part, and dismiss, in part.

{2}     Defendant first asserts he received an unfair trial because the jury was not impartial. [DS 5] Reviewing Defendant's unpreserved claim for fundamental error, we proposed to affirm. [CN 3-4] In his memorandum in opposition, Defendant continues to argue that the single general question asked of the venire panel was insufficient to uncover any prejudice related to the excused prospective juror's statements and to ensure the remaining panel members had not been tainted by those statements. [MIO 3-4] However, Defendant does not explain how this remedial procedure resulted in an unfair trial amounting to fundamental error. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute as stated in State v. Harris*, 2013-NMCA-031, 297 P.3d 374. We therefore hold Defendant has not demonstrated he received an unfair trial and propose to affirm on that ground.

**{3}** Defendant next asserts the district court erred in denying his Rule 5-803 NMRA petition on timeliness grounds. [DS 5] Noting Defendant was self-represented when his petition was filed and denied, and the *Duran* presumption is not extended to a self-represented Defendant, we proposed to dismiss Defendant's appeal from the denial of his Rule 5-803 petition. [CN 6] In his memorandum in opposition, Defendant argues appellate counsel was appointed in recognition of Defendant's right to appeal his conviction, which he asserts his trial counsel failed to pursue. [MIO 4-5] We understand Defendant to again assert the *Duran* presumption should apply because he was unable to pursue a direct appeal until now. Indeed, we have indulged Defendant with a *Duran* presumption in his direct appeal asserting an unfair trial, but Defendant does not explain why the presumption should apply to appeal from denial of his Rule 5-803 petition where he was self-represented. Appellate courts are under no obligation to review unclear or undeveloped arguments. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031. Defendant also fails to point out specific errors of law and fact. *See Mondragon*, 1988-NMCA-027, ¶ 10. Therefore, we conclude Defendant's appeal from the denial of his Rule 5-803 petition was untimely and must be dismissed.

**{4}** Accordingly, for the reasons explained above and in our notice of proposed disposition, we affirm, in part, and dismiss, in part.

**{5}** **IT IS SO ORDERED.**

3

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**HENRY M. BOHNHOFF, Judge**

4